UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Leslie Mode Mira

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

John Demopoulos; Ian Michael
Stewart; Miles Weigel
Argus Media

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

# 15 CV 9990

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:  ☑ Yes   ☐ No
*(check one)*

RECEIVED
DEC 22 2015
PRO SE OFFICE

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

✓   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

___   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

___   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

✓   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

✓   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 05/2010*                                              1

**I.   Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name   Leslie Moore Mira
             Street Address   PO Box 250379
             County, City   NY
             State & Zip Code   NY   10025
             Telephone Number   347-425-2578

B.   List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendants   Name   Argus Media
Miles        Street Address   500 5th Ave. Suite 2410 NY
Wetzel, John County, City   NY   mono
Demopoulos   State & Zip Code   NY   10010
may be served Telephone Number   646-376-6130
at Argus
Media, NY.
Seeking present address for Ian M. Stewart.

C.   The address at which I sought employment or was employed by the defendant(s) is:

             Employer   Argus Media
             Street Address   500 5th Ave. Suite 2410
             County, City   NY
             State & Zip Code   NY   10110
             Telephone Number   646-376-6130

**II.   Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

  _____   Failure to hire me.

  ✓   Termination of my employment.

  _____   Failure to promote me.

  _____   Failure to accommodate my disability.

  _____   Unequal terms and conditions of my employment.

Rev. 05/2010                                         2

    ✓    Retaliation.

    ____    Other acts *(specify)*: _____.

Note: *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B. It is my best recollection that the alleged discriminatory acts occurred on: __2013 - Present__.
           *Date(s)*

C. I believe that defendant(s) *(check one)*:

    ✓    is still committing these acts against me.

    ____    is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

- [ ] race _____
- [ ] color _____
- [x] gender/sex _____
- [ ] religion _____
- [x] national origin _____
- [ ] age. My date of birth is _____ (Give your date of birth only if you are asserting a claim of age discrimination.)
- [ ] disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

__[ Please see attached. ]__

_____

_____

_____

_____

_____

_____

Note: *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

III. **Exhaustion of Federal Administrative Remedies**:

A. It is my best recollection that I filed a charge with the ~~Equal Employment Opportunity Commission~~ **NY Division of Human Rights** or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: __1/7/015__ *(Date)*.

Introduction

Plaintiff Leslie Moore Mira, proceeding pro se, brings this action to remedy acts of employment discrimination and retaliation perpetrated against her by Argus Media and in violation of Title VII. Plaintiff contends that Argus Media staff discriminated against her throughout her employment and subjected her to a hostile work environment and surveillance in her personal, non-work life.

Parties:

Plaintiff, Leslie Moore Mira, a Mexican-American female over 40, is a naturalized US citizen and a resident of New York. She was employed at Argus Media from January 2013 until her termination in May 2014.

Defendant, Miles Weigel is a senior vice president at Argus Media.

Defendant, Ian Michael Stewart was a reporter at Argus Media. Plaintiff unaware of current status.

Defendant, John Demopoulos is a senior markets manager at Argus Media.

Statement of facts:

1. Plaintiff became employed at Argus in January 2013 after resigning from Platts/McGraw Hill in the face of retaliation for protected activity of articulating a sexual harassment concern (see related complaint). Retaliation from Platts had taken the form of efforts to spuriously criminalize, being widely discredited and stalked by third parties, and being the target of surveillance and widespread illicit eavesdropping and videotaping in an effort to humiliate and degrade.
2. Platts and Argus Media are competitors but also business collaborators with similar businesses. Both have been subject to US and international regulatory review and periodically meet.
3. Because of having expressed harassment-related concerns at Platts and ensuing and widespread campaign of retaliation at Platts, plaintiff soon became marginalized at Argus. Employees in the small New York office of about 10 who were initially friendly within two months became reserved.

4. On two occasions in spring and summer 2013, plaintiff observed outside photographic activity aimed at her studio apartment windows. The windows were covered by blinds though each had small, narrow gaps where sunlight could appear. In a spring morning incident, a photographic flash bulb appeared to go off from a northeast-facing window in the studio apartment. Plaintiff was partly or fully undressed.
In a summer evening incident, a person holding what appeared to be a telescopic lens faced plaintiff's north-facing window. Person aimed camera at plaintiff while she lay in bed. Plaintiff was not fully dressed. Plaintiff reported incident in letter to Manhattan DA's office.
On the morning of the first incident, plaintiff upon entry to office heard Mr. Stewart say "she's here" on the phone. He laughed throughout the conversation, speaking in one word sentences as if not wanting to elaborate.
5. Guardedness from staff accelerated after a New York meeting between Argus officers from London and Houston lawyers and Platts management around May 2013. Upon return from the meeting, Argus officers entered and looked in my direction. Argus general counsel Lucy Sladojevic said in a non sequitur manner that she would draw curtains in her hotel room as a "kindness" so as not to expose New Yorkers to her body. She also joked of going into surveillance because it was a flourishing business.
6. During this time, Mr. Weigel told plaintiff he planned to "investigate" plaintiff. When plaintiff later asked Mr. Weigel about the outcome of his investigation, Mr. Weigel denied making the statement.
7. As at Platts, Argus coworkers made frequent allusion and reference to plaintiff's personal life and out-of-office conversations and activities. The morning after a close friend's visit to plaintiff's home where plaintiff and friend danced, listened to music, and engaged in some intimate activity, Mr. Stewart greeted plaintiff in the office in a highly personal, sexualized voice tone. Mr. Demopoulos later made a non sequitur joke about going to a "disco." On other occasions Mr. Weigel made comment about "quickies."
8. The morning after telling a contractor working in plaintiff's home circa August 2013 that plaintiff's "nerves are shot" from stress, the elevator in

office building stalled between five to eight seconds upon closing and opening, revealing white paintball gun splatter in between elevator doors. Plaintiff reported incident to Mr. Demopoulos.
9. Plaintiff discussed with friend on personal phone outside office upcoming September 2013 vacation to Madison, Wisconsin, home of Wisconsin Badgers, athletic teams representing University of Wisconsin-Madison. Plaintiff believes third parties dispatched by defendants stalked plaintiff and that conversations were recorded. Around this time in the office, Mr. Stewart and Mr. Demopoulos joked in a non sequitur manner about "hunting for badgers."
10. In September 2013, plaintiff received a negative review from Houston-based supervisor Chris Baltimore and Americas Editor Jim Kennett. Review contained one error of fact. Other criticism was valid and on-point while some criticism seemed out of context or exaggerated. Plaintiff received written review less than15 minutes before conference call to discuss performance. Plaintiff asked if there was an opportunity to respond to written review. Mr. Kennett said "no."
11. In September 2013 Mr. Demopoulos sought to justify in audible closed door meeting to a resigning reporter why plaintiff was under surveillance.
12. Plaintiff was told in autumn 2013 by man parked near her place of residence to "be careful" because people were "building a case" against her. He said he did not want to be seen speaking with plaintiff and suggested she later call him. His phone number was later disconnected.
13. In what had by then had become a deeply hostile environment for plaintiff, Mr. Demopoulos commented on success that an ancestor of Mr. Kennett's had had in driving Mexicans out of Texas.
14. Circa summer and fall 2013, objects were placed in plaintiff's apartment that had not previously been there. A journal in her home disappeared. [Plaintiff then lived alone.] Within days of mentioning on the phone to a friend the sight of a cockroach on a sidewalk, a live cockroach appeared in plaintiff's bed. [No cockroach has since been seen in the apartment.]
15. Mr. Kennett, visiting New York from Houston, told plaintiff in November 2013 her work had improved significantly and was no longer cause for

concern. Mr. Kennett was in New York to attend a fundraiser for the Committee to Protect Journalists. Argus had invited non-Argus journalists of national scope to sit at their table. In a restaurant conversation weeks before with a friend, plaintiff commented on irony of company support of a group to "protect" journalists while conducting widespread surveillance of an employee. Plaintiff pondered telling a reporter her story but did not. Plaintiff believes that conversation was recorded.

16. In January 2014 plaintiff received a second negative job review. When asked by plaintiff about the sizeable contradiction between Mr. Kennett's earlier positive feedback and January's negative review, Mr. Kennett said his supportive comments to plaintiff were based on a "misunderstanding" between him and Mr. Baltimore.

17. Around March 2014 coworker Michelle Gesser quickly minimized her computer screen after she saw plaintiff looking at it. Plaintiff had seen an image on her screen that bore identical resemblance to plaintiff's bedroom. Ms. Gesser afterward spent more time looking at a smart phone rather than her computer screen.

18. In May 2014, plaintiff emailed editors including Mr. Demopoulos, Mr. Kennett and Mr. Baltimore and asked in open-ended, non-accusatory manner whether they were aware of any stalking and surveillance activity against plaintiff. HR manager Kym Springer later responded. Among other things, Ms. Springer said she would probe Mr. Weigel's earlier comment about his planning to investigate plaintiff. Plaintiff did not ultimately receive an explanation.

19. Plaintiff was fired about a week later.

Plaintiff brings this suit because stalking and retaliatory attempts to inflict emotional distress and widely vilify continue. Upon information and belief, plaintiff's personal emails, phone and other communication continue to be accessed by parties related to Argus Media. Efforts continue to harass and provoke plaintiff and plant negative news stories about her. To date, and

despite years-long efforts to criminalize plaintiff, she has not been contacted by any authority on any matter.

Upon firm information and belief home of plaintiff and her friends' have been entered into. Highly intimate images of plaintiff have been taken and distributed. Personal effects have been removed. Plaintiff continues to have concern for her safety and future professional prospects.

Defendants' conduct as alleged constituted a hostile and abusive working environment in violation of Title VII. Defendants deliberately collaborated to humiliate and inflict emotional distress.

B.     The Equal Employment Opportunity Commission *(check one)*:

    _____ has not issued a Notice of Right to Sue letter.

    \_\_✓\_\_ issued a Notice of Right to Sue letter, which I received on \_\_9/23 - 9/25 2015\_\_ *(Date)*.

    Note: *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____ 60 days or more have elapsed.

    _____ less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: [Please see attached.]

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23 day of December, 2015.

    Signature of Plaintiff    Leslie Moore Mira    Leslie Moore Mira

    Address    PO Box 250379
                NY, NY
                10025

    Telephone Number    347-425-2578

    Fax Number *(if you have one)* _____

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Leslie M. Mira<br>305 West 111th Street, Apt. 5D<br>New York, NY 10026 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2015-01468 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Kevin J. Berry,
District Director

September 22, 2015
*(Date Mailed)*

Enclosures(s)

cc:
ARGUS MEDIA, INC.
Attn: Kym Springer, HR & Facilities Manager
500 Fifth Avenue, Suite 2410
New York, NY 10110

ARGUS MEDIA, INC.
Attn: Director of Human Resources
2929 Allen Parkway, Suite 700
Houston, TX 77019

IV. Relief

Wherefore plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as follows:

Immediate cease and desist of all surveillance and stalking and efforts to widely vilify. Disclosure of all social media postings about plaintiff and access to all video and audio recordings of plaintiff and her friends and family that defendants orchestrated directly or indirectly. The return of materials taken from plaintiff's home or belongings.

Damages and costs to be determined pending conclusion of proceedings.